IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

FRANCISCO JAVIER CELEDON,

Petitioner, OPINION AND ORDER

v. 26-cv-295-wmc

WARDEN E. EMMERICH, FCI-OXFORD,

Respondent.[1]

---

Petitioner Francisco Javier Celedon, who is representing himself while incarcerated at the Federal Correctional Institution in Oxford, Wisconsin ("FCI-Oxford"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the revocation of his supervised release. He also challenges the calculation of his sentence by the Bureau of Prisons ("BOP"). Specifically, petitioner contends that he has been wrongly denied earned time credits under the First Step Act, 18 U.S.C. § 3632(d)(4)(A), that would shorten the length of his imprisonment. Complaints and petitions filed by *pro se* litigants are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Even under this lenient standard, relief must be denied because it plainly appears that the petitioner is not entitled to relief.[2]

OPINION

---

[1] The caption has been amended to reflect that E. Emmerich is Warden at FCI-Oxford.

[2] *See* Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts. Rule 1(b) of the Rules Governing Section 2254 Cases authorizes application of the rules to other habeas corpus cases as well.

A federal prisoner may seek a writ of habeas corpus under 28 U.S.C. § 2241 to challenge the execution or administration of his sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998) (stating that a motion seeking relief concerning the execution of a sentence, but not the validity of a conviction, falls under § 2241). To obtain relief, a prisoner must show that he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3).

Petitioner is currently imprisoned as the result of a federal conviction entered against him in *United States v. Celedon*, Case No. 3:23-cr-69-01 (E.D. Va.). In that case, petitioner was convicted for possession with intent to distribute 5 kilos or more of cocaine hydrochloride and on November 9, 2023, received a 120-month sentence. On the same day, the sentencing court imposed a consecutive 36-month term of imprisonment in Case No. 3:23-cr-86, for violating the terms of supervised release from his 2015 conviction for possession with intent to distribute cocaine and illegal reentry following deportation in the Eastern District of Alabama.

To begin, petitioner raises several challenges to the validity of the 36-month sentence that was imposed following the revocation of his supervised release in 2023. These claims must be dismissed as moot because court records confirm that the 2023 revocation of petitioner's supervised release was recently vacated on appeal. *See United States v. Celedon*, 165 F.4th 873 (4th Cir. 2026). Alternatively, even if not moot, relief under § 2241 is not available for another reason. Generally, an inmate must bring a challenge to his sentence in a motion under 28 U.S.C. § 2255 in the district of his conviction. *Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019). Because this avenue is presumably available to petitioner in the Eastern District of Virginia, the challenges he raises to the revocation of his supervised release must be dismissed

as barred by 28 U.S.C. § 2255(e).[3] *E.g., Alexander v. Yandle*, No. 21-cv-903, 2021 WL 3849687, at *2-3 (S.D. Ill. Aug. 27, 2021) (dismissing a habeas petition challenging a supervised release revocation as precluded by § 2255(e)).

In addition, petitioner claims that he would be entitled to speedier release from prison if the BOP recalculated his sentence to include time credits earned under the First Step Act, 18 U.S.C. § 3632(d)(4)(A), also known as FSA Time Credits ("FTCs"). The First Step Act provides eligible inmates the opportunity to earn these time credits, which apply toward time in prerelease custody or early transfer to supervised release, through successful participation in "evidence-based recidivism reduction programs or productive activities[.]" 18 U.S.C. § 3632(d)(4)(C). However, even if an inmate is eligible to earn FTCs, the BOP cannot apply them to shorten his prison sentence if the inmate is ineligible to receive them. *See* 18 U.S.C. § 3632(d)(4)(D) (listing offenses that exclude a prisoner from eligibility for FTCs).

Relevant here, petitioner claims that the BOP has determined that he is ineligible because immigration officials have issued a detainer for his removal. *See* 18 U.S.C. § 3632(d)(4)(E)(i) (prisoners subject to a final order of removal under any provision of the immigration laws are ineligible for time credits under this section). Petitioner argues that the BOP's determination that § 3632(d)(4)(E)(i) applies to him is incorrect because despite the fact that he has been removed previously, there is currently no final order of removal against him. This claim will be dismissed because petitioner admits that he has not attempted to raise

[3] Known as the § 2255 "savings clause," this provision limits review under § 2241 as follows: "An application for a writ of habeas corpus [on] behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Petitioner makes no effort to show that an exception applies.

this issue through the BOP's administrative remedy program. *See Ihmoud v. Jett*, 272 F. App'x 525, 526-27 (7th Cir. 2008). Courts typically require a prisoner to exhaust the BOP's administrative remedies before bringing a § 2241 action. *See Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004); *Anderson v. Miller*, 772 F.2d 375, 376-77 (7th Cir. 1985). While petitioner claims that exhaustion would be futile, the court is not convinced. Exhaustion is not futile when a factual dispute exists as to whether an inmate is subject to a final order of removal or only has an immigration detainer lodged against him. Moreover, petitioner's projected release date is at least seven years away in 2033, so he has ample time to exhaust administrative remedies. Accordingly, the petition will be denied, and this action will be dismissed without prejudice.

ORDER

IT IS ORDERED that:

1) The federal habeas corpus petition filed under 28 U.S.C. § 2241, by petitioner Francisco Javier Celedon (dkt. #1) is DENIED and this case is DISMISSED without prejudice, as set forth above.

2) The clerk of court is directed to enter judgment and close this case.

Entered this 1st day of September, 2026.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge